# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Robert Johnston, et al., | Case No.: 2:14-cv-941-JAD-NJK |
| Plaintiffs, | |
| v. | **Order Permitting Limited Amendment**<br>**[Doc. 28]** |
| International Mixed Martial Arts Federation, et al., | |
| Defendants. | |

This business dispute concerns the International Mixed Martial Arts Federation (IMMAF's) 2014 Word Championships of Amateur Mixed Martial Arts event.  In October 2014, I dismissed Robert Johnston and the Las Vegas MMA, LLC's (LVMMA) contract, fraud, and defamation claims for failure to plead a plausible claim for relief.  Doc. 25.  Plaintiffs now move to amend their complaint to replead their contract-based claims and a defamation claim and drop all claims by Robert Johnston.  I find plaintiff's defamation allegations are barely sufficient to survive a futility analysis, but plaintiff again fails to adequately allege the material terms of a contract between itself and defendants.  Thus, I grant the motion for leave to amend in part, and I instruct plaintiff to file an amended complaint that includes only the unjust enrichment and defamation claims as pled in the proposed amended complaint.  Doc. 28-1.  As the newly proposed amended complaint deletes any claim by Robert Johnson, I also order that the caption be amended to reflect that this action is being pursued on behalf of LVMMA only and that Johnston is no longer a party to this case.

## Background

LVMMA initially sued in Nevada state court, alleging claims for (1) breach of the implied covenant of good faith and fair dealing against IMMAF, (2) breach of contract against IMMAF, (3) fraud and misrepresentation against IMMAF and its agent Nyra Phillips, (4) unjust enrichment against IMMAF, and (5) defamation against Phillips.  Doc. 1-1.  After removing the case to federal court, defendants moved to dismiss all of these claims under Rule 12(b)(6) for failure to state a

1   claim.  I granted the motion on all but the unjust enrichment claim; I dismissed the contract claims

2   because the basic terms of the contract and facts to suggest contract formation were not pled, and I

3   dismissed the defamation claim because there was no allegation that a false statement had been

4   published to a third party.  Doc. 25.  I gave plaintiffs 30 days to file a properly supported motion for

5   leave to amend.  *Id.*

6          LVMMA timely moved for leave to amend its complaint.  In the proposed amended

7   complaint, all claims by Johnston are dropped, the unjust enrichment claim reappears, and LVMMA

8   takes another shot at pleading its claims for breach of contract, breach of the implied covenant of

9   good faith and fair dealing (Counts 1-2), and defamation (Count 4).  Doc. 28.[1]  LVMMA's one-page

10  memorandum of points and authorities merely reiterates my October 23, 2014, ruling, argues that

11  leave to amend is liberally granted, and claims that LVMMA's proposed amended complaint

12  "provides greater clarification of Plaintiff's claims and greater factual detail."  Doc. 28 at 2.

13  Defendants respond that the amended complaint fails to cure the defects detailed in my prior ruling

14  and that this suit should proceed on plaintiff's unjust enrichment theory only.  Doc. 29 at 1.

15  LVMMA filed no reply.

16                                              **Discussion**

17         Rule 15 of the Federal Rules of Civil Procedure requires district courts to "freely give leave

18  [to amend] when justice so requires."[2]  The Ninth Circuit has long recognized that this policy is "to

19  be applied with extreme liberality."[3]  In the seminal leave-to-amend case of *Forman v. Davis*,[4] the

20  United States Supreme Court explained, "[i]f the underlying facts or circumstances relied upon by a

21  plaintiff may be a proper subject of relief, [the Plaintiff] ought to be afforded an opportunity to test

22  his claim on the merits."

23         Still, amendment is not automatic.  If reasons justify denying opportunity to amend, the court

---

25   [1] Plaintiffs do not re-urge their fraud and misrepresentation claims.

26   [2]  Fed. R. Civ. Proc. 15(a)(2); *Sonoma County Association of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013).

27   [3] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted).

28   [4] 371 U.S. 178, 182 (1962).

1   has discretion to foreclose amendment.[5]  In the Ninth Circuit, courts consider five factors when

2   determining whether to grant leave: (1) bad faith, (2) undue delay, (3) prejudice to the opposing

3   party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the

4   complaint.[6]  Any of the first four factors can serve as a basis for denying leave to amend,[7] but the

5   analysis focuses on the bad faith of the party seeking to amend the complaint, as well as the

6   prejudice to the other party.[8]

7          An amendment is futile when "the allegation of other facts consistent with the challenged

8   pleading could not possibly cure the deficiency."[9]  Although Rule 15(a) "encourages leave to amend,

9   district courts need not accommodate futile amendments."[10]  Rejection of a proposed amended

10  complaint is warranted if the amendment "would merely enlarge on the legal theory rejected" by the

11  court.[11]  A court enjoys broad discretion to deny a motion for leave to amend when "a plaintiff has

12  previously been granted leave to amend" but fails to address the previous defects.[12]

13

14  **A.     Discovery is not complete, and the court does not consider evidence outside the
           pleadings to analyze the motion.**

15         Defendants contend that all three of the newly pled causes of action are futile because

16  "evidence produced to date" belies LVMMA's allegations.  Doc. 29.  Discovery has not yet been

17  completed, and I decline to consider evidence outside the pleadings to determine whether the new

18  allegations state viable claims.  Defendants cite to *Gabrielson v. Montgomery Ward & Co.*, for the

19  proposition that "[a]n amendment may be denied as futile when the claim could be defeated on a

---

20

21         [5] *See Forman*, 371 U.S. at 182.

22         [6] *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

23         [7] *Chudacoff v. Univ. Med. Ctr. of So. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011).

24         [8] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *In re Western States
      Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013).

25         [9] *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (citation omitted).

26         [10] *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996).

27         [11] *Kentmaster Mfg. v. Jarvis Products Corp.*, 146 F.3d 691, 696 (9th Cir. 1998).

28         [12] *See Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156, 1167 (9th Cir. 2009).

3

1   motion for summary judgment."  But in *Gabrielson*, the trial court had already considered, and

2   disposed of, a motion for summary judgment and the plaintiff had already thrice amended her

3   complaint.[13]  Because the procedural posture of this case is not as advanced as Gabrielson's was, I

4   decline to apply *Gabrielson*'s principles here.

5   **B.      Plaintiff has pled a plausible claim for defamation (count 4).**

6          LVMMA's proposed defamation claim alleges that defendant Nyra Phillips, "while acting in

7   the course and scope of her employment for Defendant IMMAF, knowingly, intentionally and

8   recklessly communicated false and defamatory statements *to third parties* which falsely accused

9   Plaintiff of being subject of an investigation by the Nevada State Athletic Commission. . . ."  Doc.

10  28-1 at 7 (emphasis added).  Defendants argue that the addition of the bald allegation that Phillips

11  communicated a false statement to a third party is too threadbare because it fails to identify the third

12  parties or the date or time of the statement and that Phillips's alleged statement that plaintiff was

13  "under investigation by the Nevada State Athletic Commission for activities related to the qualifier

14  event" is not defamatory.  Docs. 28-1 at 3; 29 at 7, 9.

15         To state a defamation claim, a plaintiff must allege "(1) a false and defamatory statement . . .

16  ; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4)

17  actual or presumed damages."[14]  At the October 23, 2014, hearing, I pointed out that what was

18  missing from LVMMA's defamation claim was a publication to a third party.  Plaintiff's amended

19  complaint adequately cures this deficiency, now alleging that Phillips communicated this alleged

20  Nevada Gaming Commission investigation of plaintiff to both plaintiff, Doc. 28-1 at 3, and

21  unidentified third parties, *id.* at 7, causing IMMAF to terminate plaintiff in its purported capacity as

22  promoter for the event.  Whether this claim will ultimately survive a summary judgment challenge is

23  a question for another day.  For now, however, plaintiff's amended complaint pleads a defamation

24

25

26  ───────────────

27         [13] 785 F.2d 762, 763-66 (9th Cir. 1986).

28         [14] *Clark County School District v. Virtual Education Software, Inc.*, 213 P.3d 496, 503 (Nev. 2009) (quotation omitted).

1    claim.[15]

2    **C.    Plaintiff's contract-based claims (counts 1-2) still fall short.**

3          The allegations in plaintiff's new complaint are largely identical to those presented in its

4    original complaint, with the following addition:

5          11. In furtherance of the agreement by the Defendant IMMAF to use Plaintiff as the
          promoter, Plaintiff engaged in various activities to develop and promote the
6          contemplated mixed martial arts event, these activities included the following:

7          a. Plaintiff had multiple meetings with the UFC to discuss ways to collaborate
          championship events;
8
          b. Plaintiff had contact with the office of Senator Harry Reid to discuss the concept
9          of securing the UMMAF as the sole governing body for the sport in the United
          States;
10
          c. Plaintiff researched various hotels or alternate venues to hold the event;
11
          d. Plaintiff conducted meetings with various representatives of venues and hotels to
12          facilitate finding an event location;

13          e. Plaintiff commenced soliciting donors for the events;

14          f. Plaintiff secured permission from the Nevada State Athletic Commission to host
          the championship event;
15
          g. Plaintiff had numerous meetings with its legal counsel and others to arrange and
16          coordinate the championship event;

17          h. Plaintiff had extensive communications by phone and email with Defendants
          representatives throughout 2013 and into 2014 regarding the championship event
18          coordination.

19    Doc. 28-1 at 2-3, 5. These additions jump right past—and thus fail to cure—the fatal defect in

20    LVMMA's breach-of-contract and breach-of-the-implied-covenant claims: the absence of any

21    allegation that a contract existed between these parties.

22          In Nevada, a plaintiff alleges a breach of contract by pleading four elements: (1) formation of

23    a valid contract; (2) performance or excuse of performance by the plaintiff; (3) material breach by

24

25    _____

26          [15] Defendants also argue that the allegation about Phillips's communication to third parties
          contradicts the original complaint, in which LVMMA alleged that defamatory statements were made to
27          Phillips's employer IMMAF only. Doc. 29 at 8-9. LVMMA's original complaint states only that Phillips
          "communicated" false and defamatory statements in the course and scope of her employment; it did not
28          specify to whom these statements were directed. Doc. 1-1 at 7. I do not find LVMMA's new allegation
          impermissibly contradicts its prior allegation such that amendment should be barred.

1   the defendant; and (4) damages.[16]  Additionally, "[a]n implied covenant of good faith and fair

2   dealing is recognized in every *contract* under Nevada law,"[17] and "[w]hen one party performs a

3   contract in a manner that is unfaithful to the purpose of the contract and the justified expectations of

4   the other party are thus denied, damages may be awarded against the party who does not act in good

5   faith."[18]  "Basic contract principles require, for an enforceable contract, an offer and acceptance,

6   meeting of the minds, and consideration."[19]  "Essential to the creating of a contract, whether express

7   or implied, is a manifestation, by the parties, of an intent to contract."[20]

8        It is these fundamental contract-creation elements that are still missing from LVMMA's

9   claims.  At the October 23, 2014, hearing, I specifically informed plaintiff that it had not alleged

10  facts sufficient to show that a contract was formed or what the basic terms of that contract were.

11  LVMMA's addition of a list of activities supposedly performed in furtherance of the phantom

12  contract do not bridge—but instead leap right over—the gap.  Plaintiff's failure to plead facts to

13  establish these foundational elements suggests either that there was no agreement or that plaintiff has

14  ignored my instructions on how to plug the holes in these contract-based claims.  Either way, I deny

15  the motion to amend.

16       In sum, the motion for leave to amend is granted in part and denied in part.  Plaintiffs are

17  instructed to file an amended complaint by February 6, 2015, entitled First Amended Complaint that

18  contains only the unjust enrichment and defamation claims from the proposed amended complaint

19  (Doc. 28-1).

20                                          **Conclusion**

21       Accordingly, it is HEREBY ORDERED that plaintiff's Motion for Leave to File Amended

22  Complaint **[Doc. 28] is GRANTED** in part and **DENIED** in part:

23

24       [16] *Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238, 1240 (Nev.1987).

25       [17] *Pemberton v. Farmers Ins. Exchange*, 858 P.2d 380, 382 (Nev. 1993) (emphasis added).

26       [18] *Hilton Hotels Corp. v. Butch Lewis Productions, Inc.*, 808 P.2d 919, 923 (Nev. 1991).

27       [19] *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005).

28       [20] *Id.*

1    •    It is **GRANTED** with respect to plaintiff's defamation claim;

2    •    It is **DENIED** with respect to plaintiff's claims for breach of contract and breach of

3         the implied covenant of good faith and fair dealing; and

4    •    Plaintiff is directed to file its First Amended Complaint by February 6, 2015.

5         It is FURTHER ORDERED that the case caption shall be amended to reflect that Robert

6    Johnston has abandoned any claims and is no longer a party to this case.  The parties are directed to

7    use the new caption form for all future filings in this case.

8         DATED: January 22, 2015.

9

10    _____
      Jennifer A. Dorsey
11    United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28